

# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
### FOR SUFFOLK COUNTY
### JOHN ADAMS COURTHOUSE
ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707
WWW.SJCCOUNTYCLERK.COM

MAURA S. DOYLE
CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117
ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

June 8, 2020

Robert M. Farrell, Clerk of Court
U.S. District Court for the District of Mass.
One Courthouse Way
Boston, MA  02110

RE:  S.J.C. No. BD-2020-040

   IN RE: THOMAS J. BARRETT

Dear Clerk Farrell:

   Enclosed please find a CERTIFIED COPY of the Order which was entered on June 8, 2020 by the following Justice of the Supreme Judicial Court:  Kafker, J.

Very truly yours,

Maura S. Doyle, Clerk

Enclosures
cc:  Clerk of Court, United States District Court - CERTIFIED COPY
     Honorable Paul C. Dawley, Chief Justice

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPREME JUDICIAL COURT
                                            FOR SUFFOLK COUNTY
                                            NO: BD-2020-040

IN RE: Thomas J. Barrett

ORDER OF TERM SUSPENSION/STAYED

This matter came before the Court, Kafker, J., on an Information and Record of Proceedings pursuant to S.J.C. Rule 4:01, § 8(6), with the Recommendation and Vote of the Board of Bar Overseers, (Board) and the stipulation of the parties filed by the Board on May 29, 2020. Upon consideration thereof, it is ORDERED that:

1. Thomas J. Barrett is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of three (3) months, with the execution of the suspension stayed for a period of one (1) year pursuant to the conditions set forth in the April 8, 2020 Stipulation of the Parties attached hereto and incorporated herein.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice only that the lawyer has been placed on a one (1) year accounting probation with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(b) and 2(c) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b) provide notice to all clients and to all wards, heirs, and beneficiaries only that the lawyer has been placed on a one (1) year accounting probation;

    c) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters only that the lawyer placed on a one (1) year accounting probation.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

    3. Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order. Appended to the affidavit of compliance shall be:

    a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries,

attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

    b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    c) The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps take to comply with this Order.

    4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

    a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

    b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    c) the residence or other street address where communications to the lawyer may thereafter be directed.

    5. The lawyer shall timely comply with the conditions of

this Order and remain in compliance through out the one (1) year probationary period. If the lawyer fails to comply with any of the terms and conditions of this Order, the Office of Bar Counsel may petition this Court for the immediate imposition of the three (3) month suspension.

6. After one (1) year from the date of entry of this Order, the lawyer may file an affdiavit of compliance with \ the Office of Bar Counsel and the Clerk of the Supreme Judicial Court for the County of Suffolk. Upon receipt, and with the assent of the Office of Bar Counsel, the lawyer may then request that this court issue an order stating that he is no longer subject to the three (3) month suspension that gave rise to the instance petition.

By the Court, (Kafker, J.)

Assistant Clerk

Entered: June 8, 2020

A True Copy
Attest
6/8/20
Date
Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
BOARD OF BAR OVERSEERS
OF THE SUPREME JUDICIAL COURT

BAR COUNSEL,

    Petitioner

vs.

THOMAS J. BARRETT, ESQ.

    Respondent

BBO File Nos. C2-19-00257406

### RESPONDENT'S ANSWER TO PETITION FOR DISCIPLINE AND STIPULATION OF THE PARTIES

Bar counsel and the respondent, Thomas J. Barrett, Esq., hereby stipulate that this matter may be resolved without hearing, and they jointly recommend that the respondent be suspended for three months, with the execution of the suspension stayed for one year on the conditions specified below, for the misconduct set forth in the Petition for Discipline attached hereto as Exhibit A. The parties further stipulate as follows.

1. The respondent represents that he is admitted to practice in Massachusetts, in the United States District Court for the District of Massachusetts, and in no other jurisdictions. The respondent has no history of discipline.

2. Subject to paragraph 10, the respondent admits the truth of the allegations of the petition for discipline, a copy of which is attached hereto, and the parties stipulate that those allegations are established as facts.

3. Subject to paragraph 10, the respondent admits the disciplinary rule violations set forth in the petition for discipline, and the parties stipulate that the respondent violated the rules cited in the petition.

4. Subject to paragraph 10, the parties waive their rights to an evidentiary hearing on the facts and disciplinary rule violations alleged in the petition for discipline and on matters in aggravation or mitigation. They stipulate that this matter may be considered by the full Board of Bar Overseers on the petition for discipline and this answer and stipulation.

5. The respondent acknowledges that, upon filing the petition for discipline and this answer and stipulation with the Board of Bar Overseers, the petition, the answer and stipulation, and all further disciplinary proceedings thereon will become public and that a summary of the proceedings, including the respondent's name and the factual and legal basis for the sanction, will be published by the board, sent to media outlets, and posted on the board's Web site.

6. The parties stipulate that the respondent's failure to comply with Rule 1.15, which spanned decades, involved many client transactions. The amount of undisbursed money for *each* of these transactions was relatively small and, in some instances, nominal. The parties further stipulate that, in December of 2019, the respondent ceased using the IOLTA account for the deposit of any new trust funds and has since endeavored to make all appropriate disbursements from the account. *See* Petition for Discipline at ¶¶ 7-10. At the same time, the respondent opened a new IOLTA account at Eastern Bank for the deposit, retention and disbursement of any new trust funds going forward. The respondent has since maintained compliant records for this new account. On March 5, 2020, he attended a training on the requirements of Mass. R. Prof. C. 1.15 conducted by the Board of Bar Overseers, the Office of the Bar Counsel and the Boston Bar Association.

7. The parties stipulate and acknowledge that a three-month suspension -- stayed for one year on the conditions specified below -- is appropriate discipline for the ethical violations set forth in the petition for discipline.

The typical sanction for failing to comply with the recordkeeping requirements of Rule 1.15 is a public reprimand. *See e.g., Matter of Matuzek*, 34 Mass. Att'y Disc. R. 303 (2018) (the lawyer failed, for thirteen years, to maintain adequate records, to remit unearned fees to clients when refunds became due, and to promptly withdraw her own fees out of the account; at bar counsel's direction, the lawyer distributed fee refunds to her clients and withdrew her earned fees from the IOLTA account; however, some clients to whom funds were owed could not be located, and those clients' funds escheated to the Commonwealth); *Matter of Weiner*, 34 Mass. Att'y Disc. R. 562 (2018) (the lawyer failed, for twelve years, to perform three-way reconciliations and keep required IOLTA records and also deposited and retained personal funds in the account); *Matter of Coyne*, 28 Mass. Att'y Disc. R. 162 (2012) (the lawyer failed to keep required IOLTA records, failed to notify client of receipt of funds, and failed to promptly remit funds due client).

However, in this case, a public reprimand would be insufficient due to the fact that the respondent's recordkeeping was so inadequate that he has been unable to identify the owner(s) and proper recipient(s) of approximately $10,000 in trust funds. This case is, therefore, unlike the *Matter of Matuzek*, where the respondent also failed to adhere to Rule 1.15 for more than a decade but ultimately identified all of the clients to whom monies were owed and made the appropriate distribution(s) when possible. Indeed, a lawyer very recently received a stayed three-month suspension -- not a public reprimand -- based on his inadequate recordkeeping and his resulting inability to identify the owner(s) of approximately $100,000 in his IOLTA account. *Matter of Mahoney*, 35 Mass. Att'y Disc. R. _____ 2019 (the lawyer also named himself as a trust beneficiary on two trusts that he drafted in violation of Mass. R. Prof. C. 1.8(c)).

The parties thus propose a stayed three-month suspension with the following conditions: (i) the respondent shall continue to audit his original IOLTA account for the next six months and

deliver all appropriate disbursements when possible; (ii) at the end of this audit, the respondent shall be prepared to remit any unidentified, undeliverable or unclaimed funds to the Treasurer or the IOLTA Committee (subject to any guidance issued by the Supreme Judicial Court in its forthcoming decision in the *Matter of Olchowski*); and (iii) the respondent shall enter an accounting probation agreement with bar counsel pursuant to which he will provide bar counsel on a quarterly basis for one year with copies of his compliant reconciliation records for his new IOLTA account.

In sum, the parties respectfully submit that a three-month suspension, stayed for one year on the above conditions, would be consistent with similar cases involving violations of Rule 1.15 and would provide the respondent with the resources and time necessary to distribute appropriately the remaining trust funds in the IOLTA account at issue.

8. The Parties stipulate that they have reached this agreement after due evaluation of all available evidence both on the merits and on the issue of appropriate discipline; that they have taken into account all aggravating and mitigating circumstances which are or otherwise might have been presented; and that, in consideration of this agreement, each party has foregone other allegations or defenses and submission of evidence on the merits and disposition which might have been advanced had the case been litigated.

9. The respondent acknowledges that he has declined to be represented by counsel.

10. The parties acknowledge that the Board of Bar Overseers is not bound by their recommendation for discipline and that either party may appeal from a preliminary determination by the board to recommend discipline that differs from their joint recommendation. If the board upholds a preliminary determination to recommend discipline that differs from the parties' joint recommendation, then the parties reserve their rights to a hearing, and this stipulation will be void.

In that event, pursuant to Section 3.19(e) of the Rules of the Board of Bar Overseers, the parties may amend their pleadings without prejudice, and the matter will be assigned for hearing to an appropriate hearing committee or special hearing officer, a hearing panel of the board, or the full board.

| | |
|---|---|
| THOMAS J. BARRETT, ESQ. | RODNEY DOWELL<br>Bar Counsel |
| _____<br>Thomas J. Barrett, BBO # 030960<br>Respondent | By  *Richard C. Abati*<br>Richard C. Abati, BBO # 651037<br>Assistant Bar Counsel |
| Date: 4-8-2020 | Date: April 7, 2020 |